UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


TAMMY ASHWORTH

     Plaintiff

v.                                Civil Action No.: 2:05-0139

ALBERS MEDICAL, INC.,
a/k/a Albers Medical
Distributors, Inc.,
MED-PRO INC., PFIZER, INC.,
and H.D. SMITH WHOLESALE
DRUG COMPANY

     Defendants

UNITED STATES OF AMERICA

     Intervenor


MEMORANDUM ORDER AND OPINION


       Pending before the court is the motion of the United

States of America, filed June 2, 2005, seeking to intervene in

this action for the limited purpose of obtaining a stay of

discovery.


       In support of this motion, the United States offers the

Declaration of Phillip Eugene Porter, Senior Litigation Counsel

in the office of the United States Attorney for the Western

District of Missouri.  Porter states that since March of 2003

agents of the United States Food and Drug Administration's Office

of Criminal Investigations have been investigating a scheme to sell and distribute counterfeit Lipitor tablets in the United States.  Porter Dec. at ¶¶ 2-3.  As a result of that ongoing investigation, eight persons have been formally charged with crimes relating to the illegal sale and distribution of counterfeit Lipitor.[1]  Id. at ¶¶ 11-18.  He also represents that three of the defendants in this action, Albers Medical, Inc. ("Albers"), Med Pro, Inc., ("Med Pro") and H.D. Smith Wholesale Drug Company ("H.D. Smith"), have been informed of their status as unindicted targets of that investigation.  Id. at ¶ 2.

The scheme that is the subject of the investigation is also the subject of four civil actions, including this one.  Id. at ¶¶ 4-7.  The United States asserts that indictments against Albers, Med Pro and H.D. Smith will be forthcoming "on or before expiration of the September 2, 2005 stay order currently in place in related civil cases pending in the Western District of Missouri."  United States' Reply at p. 4.  Inasmuch as the parallel criminal investigation concerns the same subject matter as this action and inasmuch further as that investigation may be severely prejudiced by the allowance of discovery here, the

---

[1]Of the eight individuals, one has been convicted, four have entered guilty pleas, one is in plea negotiations, one is awaiting trial and one is a fugitive.  Porter Dec. at ¶¶ 11-18.

2

United States seeks to intervene for the limited purpose of obtaining a discovery stay.

Plaintiff Tammy Ashworth and defendants Pfizer, Inc. ("Pfizer") and Albers have responded to the motion.  Pfizer does not oppose either the intervention or the stay.  Pfizer's Resp. at pp. 1–2.  Albers does not oppose the intervention or the imposition of the stay but requests that any stay be reasonably limited in duration.  Albers' Resp.  Pfizer and Albers also request that the stay be expanded to include all proceedings. Id. at p. 3.  The remaining defendants Med Pro and H.D. Smith have not responded.[2]

Plaintiff, however, opposes the motion contending that discovery should not be stayed inasmuch as the United States has had over two years to complete its criminal investigation, has not suggested how much more time is reasonably needed and has not identified any interests that should outweigh her interests in prosecuting this action.

I.

Having reviewed the various filings of the parties,

---

[2]It is noted that Albers believes Med Pro has filed for bankruptcy.  Albers' Resp. at p. 2, n. 1.

3

there is no opposition to the intervention of the United States.
Even plaintiff, who opposes the motion, does not challenge the
propriety of the United States' intervention in this action.
Rather, her objections are directed solely at the requested stay.

Rule 24(a) provides, in relevant part, that upon timely
application a third-party may intervene as of right in an action
when:

> the applicant claims an interest relating to the
> property or transaction which is the subject of the
> action and the applicant is so situated that the
> disposition of the action may as a practical matter
> impair or impede the applicant's ability to protect
> that interest, unless the applicant's interest is
> adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Additionally, a third-party may be
permitted to intervene "when an applicant's claim or defense and
the main action have a question of law or fact in common." Fed.
R. Civ. P. 24(b). Courts that have addressed a motion to
intervene for the limited purpose of seeking a stay in a civil
action filed on behalf of the United States have allowed
intervention where the civil action shares the same common
questions of fact as a parallel criminal proceeding. <u>Bureerong
v. Uvawas</u>, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (allowing United
States to intervene under Rule 24(b) for the limited purpose of
seeking a stay of discovery); <u>Twenty First Century Corp. V.</u>

4

LaBianca, 801 F. Supp. 1007, 1009 (S.D.N.Y. 1992) (same);
Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp.2d 6, 8 (D.
Conn. 2002) (granting United States' motion to intervene finding
that the parallel criminal and civil actions involved common
questions of fact and law); see also SEC v. Chestman, 861 F.2d
49, 50 (2nd Cir. 1988) (finding that district court did not
clearly abuse its discretion allowing United States to intervene
whether under Rule 24(a) or (b)).  In Chestman, the court noted
the government had a discernible interest in intervening to
prevent discovery in the civil case which would exceed that
available to the defendant in a parallel criminal proceeding.
861 F.2d at 50.

     There being no opposition to the motion to intervene;
the United States' application to intervene having been filed at
an early stage of this litigation; the criminal proceedings in
the Western District of Missouri and the civil action here
involving common questions of fact — namely the who, what, were
and why of the criminal scheme which placed counterfeit and
illegally diverted foreign manufactured Lipitor into the United
States pharmaceutical distribution chain; and the discernable
interest of the United States to limit the scope of discovery in
this action, the court concludes that the United States should be

permitted to intervene under Rule 24(b).  Because the
intervention is permissible, the court declines to reach the
additional contention that the intervention is required.

II.

A.  <u>The Availability of a Stay.</u>

The remaining issue is whether discovery should be
stayed.  "[T]he power to stay proceedings is incidental to the
power inherent in every court to control the disposition of the
causes on its docket with economy of time and effort for itself,
for counsel, and for litigants."  <u>Landis v. North American Co.</u>,
299 U.S. 248, 254 (1936).  Because of the frequency with which
civil and regulatory laws overlap criminal laws, American
jurisprudence contemplates the possibility of simultaneous or
virtually simultaneous parallel proceedings and the Constitution
does not mandate the stay of civil proceedings in the face of
parallel criminal proceedings.  <u>SEC v. Dresser</u>, 628 F.2d 1368,
1374-75 (D.C. Cir. 1980); <u>see</u> <u>also</u> <u>Keating v. OTS</u>, 45 F.3d 322,
324 (9th Cir. 1995) ("[t]he Constitution does not ordinarily
require a stay of civil proceedings pending the outcome of
criminal proceedings.").  "Nevertheless, a court may decide in
its discretion to stay civil proceedings, postpone civil

6

discovery, or impose protective orders and conditions 'when the interests of justice seem [] to require such action, sometimes at the request of the prosecution, [...] sometimes at the request of the defense[.]'" Dresser, 628 F.2d at 1375 (quoting United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970); United States v. Any and All Assets of That Certain Business Known as Shane Co., 147 F.R.D. 99, 101 (M.D.N.C. 1993) ("[t]he public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings."); cf. United States v. Georgia Pacific Corp., 562 F.2d 294, 296 (4th Cir. 1977) (noting that a motion to stay proceedings is committed to the sound discretion of the court).

In Keating, the Ninth Circuit stated that the following factors should be considered in the exercise of that discretion:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

45 F.3d at 325.  These same or substantially similar factors have been adopted by other courts.  SEC v. Healthsouth Corp., 261 F.

Supp.2d 1298, 1326 (N.D. Ala 2003) (noting the <u>Keating</u> factors);

<u>Bridgeport Harbour Place I, LLC v. Ganim</u>, 269 F. Supp.2d 6, 8 (D.

Connecticut 2002) (noting substantially same factors as <u>Keating</u>);

<u>Fidelity Nat. Title Ins. Co. of N.Y. v. National Title Resources</u>

<u>Corp.</u>, 980 F. Supp. 1022, 1024 (D. Minn. 1997) (noting <u>Keating</u>

factors); <u>Trustees of Plumbers & Pipefitters Nat'l Pension Fund</u>

<u>v. Transworld Mechanical, Inc.</u>, 886 F. Supp. 1134, 1139 (S.D.N.Y.

1995) (noting substantially same factors as <u>Keating</u>). Other

courts have noted the importance that the party moving for a stay

show that the parallel proceedings are related and involve

substantially similar issues. <u>United States v. Melon Bank,</u>

<u>N.A.</u>, 545 F.2d 869 (3rd Cir. 1976); <u>Healthsouth Corp.</u>, 261 F.

Supp.2d at 1326; <u>Shane Co.</u>, 147 F.R.D. at 101; <u>St. Paul Fire &</u>

<u>Marine Ins. Co.</u>, 24 Cl. Ct. at 515. The propriety of a stay is

determined on a case-by-case analysis. <u>Afro-Lecon, Inc. v.</u>

<u>United States</u>, 820 F.2d 1198, 1202 (Fed. Cir. 1987); <u>Dresser</u>, 628

F.2d at 1375.

1. <u>Relatedness.</u>

As a preliminary matter, the requirement of the

existence of a nexus between the parallel proceedings sufficient

to show that such proceedings are related and involve

substantially similar issues is the threshold factor for a stay.

8

Absent this required nexus, the myriad of tangible concerns in favor of a stay, including the protection of a defendant's Fifth Amendment interest and the deleterious effect of civil discovery on the prosecution or defense, dissipates.  Here, the parties do not dispute that the parallel proceedings are related and involve substantially similar issues.  The court finds that this factor is met.

### 2.  Plaintiff's Interest.

Turning to the Keating factors, plaintiff argues that the United States has had over two years to complete its criminal investigation and any further delay would cause her undue prejudice.  To the extent she is suggesting that United States should be penalized for inaction, this accusation is baseless.  The investigation into this intricate counterfeit scheme involving the manufacturing, repackaging, distribution and resale of approximately 18,000,000 counterfeit Lipitor tablets in the United States has been extensive, resulting in one conviction, four guilty pleas and three other active criminal cases with several additional indictments represented to be forthcoming by September 2, 2005.  Her contention of delay is further subverted by the fact that her own action was not filed until January of 2005, suggesting that the passage of time is not overly critical.

9

Additionally, plaintiff's alleged prejudice is undermined by her reliance on the fruits of that investigation, indicating that plaintiff may be further served by allowing the criminal investigation to proceed unburdened by discovery in this action.

While unquestionably the plaintiff has a right to an expeditious resolution of her claims, that right may be trumped. Bridgeport Harbour Place I, LLC, 269 F. Supp.2d at 6. Although this factor invariably supports the plaintiff, her interests here, standing alone, are not dispositive.

3. Defendants' Interests.

In Dresser, the Circuit Court for the District of Columbia stated that:

> Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

628 F.2d at 1375-76. Here, three of the defendants are targets of a criminal investigation and the United States has taken the additional step of informing the court that indictments will be

10

forthcoming against these defendants by September 2, 2005.[3]
Albers agrees with the United States that the matter should be
stayed for reasons attendant to the criminal investigation.
Inasmuch as the Fifth Amendment rights of Albers, Med Pro and
H.D. Smith are implicated and discovery may conceivably force
those defendants to disclose matters that otherwise would not be
available to the United States through the criminal rules of
procedure, this factor strongly favors a stay.

    4.   <u>The Court's Interests.</u>

       Inasmuch as this case was removed to the court in
February of 2005, a decision on the requested stay will not
impact the court's docket in the short term.  However, "the
resolution of the criminal case may later streamline discovery in
the civil case."  <u>Bridgeport Harbour Place I, LLC</u>, 269 F. Supp.
2d at 9.  It is highly likely that the criminal investigation of

_____

     [3]Because of the concern alluded to by the plaintiff
regarding the uncertainty inherent in any criminal investigation,
it has been stated that "stays will generally not be granted
before an indictment issues."  <u>Trustees of Plumbers & Pipefitters
Nat's Pension Fund</u>, 886 F. Supp. at 1139.  Under the
circumstances, the fact that an indictment has not issued is not
fatal to the stay request inasmuch as any uncertainty has been
displaced by the representation that indictments will be
forthcoming by September 2, 2005, which representation is
fortified by the other indictments and convictions that have
already occurred.

the roles, if any, of Albers, Med Pro and H.D. Smith in the
counterfeit scheme, much like the previous investigations and
criminal proceedings, will ultimately inure to the plaintiff's
benefit in this action.  The considerations of judicial economy
thus would favor a stay.

     5.  Third Party Interests.

     The United States, a third party, has moved to
intervene.  "The government ha[s] a discernible interest in
intervening in order to prevent discovery in a civil case from
being used to circumvent the more limited scope of discovery in
[a related] criminal matter."  SEC v. Chestman, 861 F.2d 49, 50
(2nd Cir. 1988); see also Dresser, 628 F.2d at 1375-76 (noting
that prejudice to a criminal case might result from the
availability of broader discovery in the parallel civil action).
The United States' interest in an unimpeded criminal
investigation favors a stay.  Additionally, it is highly
conceivable that discovery may touch on the Fifth Amendment
rights of witnesses who are not parties to the civil action but
who may be targets of the criminal investigation.  This factor
also favors a stay.

6.  <u>The Public Interest.</u>

    Finally, the court considers the interests of the
public.  While undoubtedly the West Virginia public has an
interest in the resolution of plaintiff's claims, that interest
pales in comparison to the public interest as a whole in
unraveling the criminal counterfeit scheme and punishing those
responsible for that scheme.  This factor favors a stay as well.

    The weight of the governing factors heavily favors the
issuance of a stay.  Balancing the competing interests, the court
finds a stay is warranted.

B.  <u>Scope of the Stay.</u>

    Anticipating that a stay may be granted, plaintiff
seeks a limitation on that stay, stating "[i]t is undeniable that
the production of documents and other tangible things from the
defendants, whether they are targets of the federal probe or not,
would not impact the investigation in the slightest."  Pl.'s
Resp. at p. 2.  Plaintiff requests that the stay not extend to
discovery of documentary evidence.

    In <u>Bridgeport Harbour Place I, LLC</u>, the court addressed
a similar argument for individualized discovery notwithstanding a

13

valid basis for a stay.  The court stated that "such a compromise could force the government to become proactive in objecting to specific discovery requests and thereby inadvertently be forced to reveal some aspect of its case prematurely."  269 F.Supp.2d at 11.  The court also noted that allowing discovery would create ancillary litigation concerning the proper scope of discovery, negating the positive impact a stay would have on considerations of judicial economy.  Id.  These rationales are equally applicable here.  Additionally, in light of the duration of the stay discussed infra and the pending criminal investigation which should serve to chill the destruction of documents and affirmatively create a repository for documentary evidence, plaintiff's remaining contentions for limited discovery are unpersuasive.

        In their respective responses to the motion, Albers and Pfizer seek to expand the stay beyond discovery to encompass all proceedings in the action.  This relief is beyond that sought by the United States.  Currently pending before the court is Pfizer's motion to dismiss which has been fully briefed.  Neither Albers nor Pfizer offers a justification for the court to hold in abeyance a ruling on Pfizer's motion.  This further relief sought by Albers and Pfizer is not merited.

14

C.  Duration of Stay.

    Both plaintiff and Albers, however, argue that an
indefinite stay should not be granted.  This argument has merit.
The United States Supreme Court has stated that stay should be
"not immoderate in extent and not oppressive in its consequence."
Landis, 299 U.S. at 256.  The requirement that the stay be of
limited duration addresses both concerns raised by Landis.
Inasmuch as the United States has indicated that indictments
against the defendants shall be forthcoming by September 2, 2005,
the stay of discovery shall be granted until and including
September 12, 2005, with the United States to report to the court
the state of those matters by the latter date.  The parties shall
have leave to petition the court for a reasonable extension of
the stay.[4]

III.

    For the reasons set forth, it is accordingly ORDERED
that:

    1.  The motion of the United States seeking to
intervene for the limited purpose of seeking a stay of discovery

---

    [4]An indefinite stay is an extreme measure which Landis
strongly discourages.

15

be, and it hereby is, granted.

    2.   A stay of all discovery in this action be, and it hereby is, granted until and including September 12, 2005.

    3.   The requests of Pfizer and Albers to stay the entirety of the proceedings be, and they hereby are, denied.

    4.   The parties may, if necessary, petition the court for an extension of the stay and any such petition shall contain a reasonable estimate of time for the proposed extension of the stay.

    The Clerk is directed to forward copies of this written opinion to all counsel of record.

                    DATED: July 25, 2005

                    John T. Copenhaver, Jr.
                    United States District Judge

16